11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Tara
Anne Johnson

Appellant

Vs.                   No. 11-01-00273-CR B Appeal from
Dallas County

State
of Texas

Appellee

 

This is an appeal from a judgment revoking appellant=s community
supervision.  On October 18, 2000,
appellant entered a plea of nolo contendere to the offense of driving while
intoxicated, a class B misdemeanor.  The
trial court convicted appellant and assessed her punishment at confinement for
90 days and a $650 fine.  Pursuant to a
plea bargain agreement, the trial court suspended the imposition of the
confinement portion of the sentence and placed appellant on community
supervision for 24 months.  Five months
after she was placed on community supervision, the State filed a motion to
revoke on March 8, 2001.  The State
alleged that appellant had committed a subsequent DWI on January 6, 2001, had
failed to pay court-ordered fees, had failed to perform community service as
ordered, and had failed to complete treatment as ordered.  After a hearing on the State=s motion to
revoke, the trial court found that appellant had violated the terms and
conditions of her community supervision by committing the offense of DWI on
January 6, revoked her community supervision, and imposed a sentence of
confinement for 90 days.  We reverse.

In her sole point of error, appellant contends that the
State failed to present any evidence to support the allegations in the motion
to revoke.  Based on the record before
this court, we agree.

   The record before
this court consists of one volume of the clerk=s record and one volume of the reporter=s record from
the June 22, 2001, hearing on the motion to revoke.  The reporter=s record reflects that the revocation
hearing began as follows:

THE COURT: State have any evidence on the motion to revoke?

 

[PROSECUTOR]: No, your Honor.

 








THE COURT: [Appellant], you have the right to have this
arrest expunged off your record.  To do
so, you must be provided with a - - your lawyer must provide you with an order
within thirty days of today=s date.

All right.  Rest?

 

[DEFENSE COUNSEL]: Yes.

 

[PROSECUTOR]: Rest.

 

THE COURT:   And I
understand that y=all stipulated that she is one and the same
person in cause MB00-18229-B [this appeal]?

 

[DEFENSE COUNSEL]: Yes.

 

THE COURT: All right. 
Argument.

 

[PROSECUTOR]: Certainly, on the second DWI case [January 6],
we have certainly proved enough to be a basis for a revocation on the first DWI
case [this appeal].  We ask you to
punish her accordingly.

 

I believe there were only three months between the
transactions.  She pled guilty on her
first DWI October 18th, and we believe based on her misconduct she=s a risk to the
rest of us, and we ask that you revoke her. 
We believe we have proved that by at least a preponderance of the
evidence.

 

THE COURT: [DEFENSE COUNSEL].

 

[DEFENSE COUNSEL]: I would disagree 100 per cent with the
prosecution.  The jury has decided that
she was not intoxicated due to alcohol [in the trial on the merits of the
January 6th DWI].  That=s all - - and
so the jury - - the prosecution wants to assume what the jury would believe -
and I know, at this point, it goes to the Judge - but is there a probable -- or
a preponderance of the evidence to say she=s intoxicated?  I would deny that.  

                  

After
further argument, the trial court found the allegation concerning the January
6th DWI to be true and found the other allegations not true.  The trial court then directed the State to
call its first witness on punishment. 
The prosecuting attorney stated, AState resubmits its case in chief.@  

Defense counsel called appellant as a witness, and she
denied that she had been drinking either on January 6th or on October 18th, the
offense she had pleaded guilty to. 
During her testimony, the trial court made reference to the videotape of
appellant. The trial court stated: 

 








Someone
who gets in trouble and then three months later gets into the same type of
trouble again.  Looking at the videotape
that I saw a few minutes ago, that=s not the kind of people that I would - -
we can accept having driving on our highways. 
How in the world did you start the car that night?  

 

The record of the revocation hearing reflects
that no exhibits were admitted and that no videotapes were played in the court
room.  The videotape to which the trial
court referred was apparently a tape made concerning the January 6th DWI and
was played at the trial on the merits of January 6th DWI.  It is not part of the record in this appeal.[1]

At the revocation hearing, the State
neither resubmitted the evidence from the trial on the merits of the January
6th DWI nor requested that the trial court take judicial notice of the trial on
the merits.  Instead, the State
affirmatively stated that it had no evidence to present.  The fact that, after the trial court had
revoked appellant=s community supervision, the State informed the
trial court that it Aresubmits its case in chief@ and the trial
court referenced appellant=s appearance in a video admitted in
another proceeding does not constitute evidence of violation of a community
supervision provision.  See Leday v.
State, 983 S.W.2d 713 (Tex.Cr.App.1998). 
The State did not establish by a preponderance of the evidence that
appellant violated the terms and conditions of her community supervision.  Jenkins v. State, 740 S.W.2d 435
(Tex.Cr.App.1983).  The point of error
is sustained.

The judgment of the trial court revoking
appellant=s community
supervision is reversed, and appellant=s community supervision is reinstated.

 

PER CURIAM

 

July 18, 2002               

Do not publish. 
See TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]We note that appellant has
requested and filed a complete record from the proceeding from which she is
appealing: the revocation of her community supervision.  No request has been made by any party to
supplement this appellate record with proceedings from the trial on the merits
of the January 6th DWI.